White, J.
Morrison R. Waite and Samuel M. Young, as-receivers of the Commercial Bank of Toledo, holding the title-to lot number 136, Port Lawrence Division, in the city of Toledo, sold and conveyed to Harvey P. and Edwin S. Platt,, the north-easterly half thereof, and as part of the terms of sale, delivered to the purchasers their agreement in writing,,, of which the following is a copy:
"In consideration of the purchase, by Harvey P. and Ed *418 win S. Platt, of the easterly half of lot 136, Port Lawrence Division of Toledo, we hereby agree that the said Platts may erect on the westerly half of said lot, one-half of the brick wall of a building to be by them erected on said lot, to be used as a party-wall; and that in any sale which we may make of said westerly half of said lot, we will require of the purchaser whenever he or his assigns shall use said wall or any part thereof as a party-wall, to pay to said Platts or their assigns one-half the value of so much of said wall as he or they may or shall use.
“Young & Waite, Beoewers.
“ Toledo, August S3, 1859.”
The Platts, after their purchase, erected a building on the half of the lot conveyed to them, and, in pursuance of the agreement, placed half of one of the walls on the part of the lot retained by Young and Waite.
On the 8th day of August, a.d. 1860, the Platts sold and conveyed their half of the lot, with full covenants of warranty, to Wilson and Eggleston, “ with all the privileges and appurtenances to the same belongingand, subsequently, Eggleston became invested with all the rights of Wilson and Eggleston.
On the 15th day of May, a.d. 1863, Young and Waite sold, :and conveyed by deed of release, the other half of the lot, without requiring the purchaser or his assigns to pay for any part of the wall when it should be used.
One Coy, holding under this deed, erected a building on the premises last named, and, in doing so, used as one of the walls of his building the wall which had been built by the Platts under the agreement between them and Young and Waite.
In May, a.d. 1867, Edwin S. Platt assigned his interest in "the written agreement above sfet forth to Harvey P. Platt; and •the contention in the court below was'between Eggleston and Harvey P. Platt as to which of them was entitled to the stipulated compensation for the use of the wall.
The court decided in favor of Eggleston, and gave judg *419 ment in his favor against Young and Waite for half the value of the wall.
Harvey P. Platt, who alone complains of the judgment, in his petition in error, claims that the court erred in not adjudging the compensation to him instead of to Eggleston,
The correctness of the judgment depends upon whether the right to the compensation for the use of the wall passed by the deed of the Platts to Wilson and Eggleston as appurtenant to the premises conveyed.
In determining this question, under the circumstances of this case, we attach no importance to the fact that the agreement of Young and Waite was not under seal; and was not, therefore, technically, a covenant recurring with the land: nor to the fact that the agreement was not embodied in the deed of conveyance.
A covenant is said to run with the land, when either the liability to perform it or the right to take advantage of it, passes to the assignee of the land.
And where the rights of the parties arise on simple contract, and are, as respects the land, purely of an equitable nature, equity follows the law, and will enforce the contract in favor of those who are equitably entitled to its benefits.
The agreement now in question has direct reference to the land, and, as an entirety, is beneficial to the owner as owner, and to no other person.
To effectuate the intention of the parties it must, in every other respect except as to the compensation, be regarded as intended to go with the land.
Its effect was to give to the purchasers, the Platts, and their assigns, the right, in equity, to an easement for the support of one-half of the wall on the premises retained by the vendors, Young and Waite.
The purchasers paid the consideration in making the purchase of part of the lot; and having taken possession and built the wall, the agreement was fully executed on their part.
The right to the partial support of the wall on the adjoining premises can only be regarded as an appurtenance to the *420 premises conveyed by Young and Waite to tbe Platts ; and this being its character, it as well as the right to the whole of the wall passed by the conveyance to Wilson and Eggleston.
The property thus conveyed was liable to be subjected, under the agreement, to a burden for the benefit of the adjoining premises. But when the property was subjected to such use by the adjoining owner, it was to be paid for. The-right was not exercised until after Wilson and Eggleston became owners of the property; and, it seems to us, as their property was required to bear the burden, they ought to receive the compensating benefit, and that this may fairly be presumed to have been in accordance with the intention of the parties to the original agreement.
The cases cited from Pennsylvania, in the argument for the plaintiff in error, are founded on a statute of that State, the substance of which is found in Washburn’s Easements and Servitudes, p. 473. The statute provided that the first builders of the wall should be reimbursed, but made no provision in terms for their assigns. It was held that the right to compensation did not pass with the land.
In Bloch v. Isham (28 Ind. R. 37) the Pennsylvania rule was followed; and it is said, in the opinion, that the effect of the agreement in the case was the same as that of the Pennsylvania statute. The promise of compensation was to the original party to the agreement, but not to his assigns.
The New York cases, so far as they have come to our notice, favor the ruling of the court below. Burlock v. Peck, 2 Duer, 91; Weyman's Ex’rs v. Ringold, 1 Bradford’s R. 52-61; Keteltas v. Penfold, 4 E. D. Smith, 134. See also Savage et al. v. Mason, 3 Cush. 500.
The judgment will be affirmed.
Scott, C.J., and Welch, Day, and McIlvaine, JJ., con curred.